OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Wilson
County Auditor
Gray County
Pampa, Texas

Dear Sir:

Opinion No. O-3736
Re: Can the county remunerate constables for their transportation expenses while on official business in any other way besides a four cent per mile basis?

Your letter of March 17, 1943, requesting the opinion of this department on the above stated question reads as follows:

"Your opinion No. O-4399 addressed to Honorable Clyde Barton, County Auditor, Winkler County has come to my attention.

"In as much as Gray County has a population of approximately twenty five thousand it is not in the same category as Winkler County and I would like for you to advise me whether the Commissioners Court of Gray County has authority to pay Constables a mileage fee of four cents per mile in addition to their regular salary. Gray County has elected to place its Precinct Officers on a salary basis.

"In the event you answer the above question in the negative, I would appreciate your advice as to whether Gray County can remunerate Constables for their transportation expenses while on official business besides a four cent per mile basis."

According to the 1940 Federal census Gray County has a population of 23,847 inhabitants. Under the facts stated in four letter, it is shown that the precinct officers of said county are compensated on an annual salary basis.

Section 17, Article 3912e, Vernon's Annotated Civil Statutes provides in part:

"Section 17 (a)  The term 'precinct officers' as used in this act means Justices of the Peace and Constables

"In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined otherwise in accordance with the provisions of Section 2 of this act.

". . . ."

Section 2 of Article 3912e, supra, provides in part:

"The Commissioners' Court of each county in the State of Texas, at its first regular meeting in January of each calendar year, shall, by order made and entered in the minutes of said court, determine whether precinct officers of such county (except public weighers and registrars of vital statistics) shall be compensated on a salary basis as provided for in this Act, or whether they shall receive as their compensation, such fees of office as may be earned by them in the performance of the duties of their offices, and it shall be the duty of the county clerk of each county to forward to the Comptroller of Public Accounts of the State of Texas on or before the 31st day of January a certified copy of such order.  . . ."

Subsection (b) of Section 17, Article 3912e, supra, provides in part:

"In counties where it shall have been determined that precinct officers shall be compensated

in his official capacity for the fiscal year 1935
and not more than the maximum amount allowed such
officer under laws existing August 24, 1935.

". . . ."

Article 3899, Vernon's Annotated Civil Statutes
provides in part:

". . . Where the automobile or automobiles
are owned by the Sheriff or his deputies, they
shall be allowed four (4) cents for each mile
traveled in the discharge of official business,
which sum shall cover all expenses of the main-
tenance, depreciation, and operation of such auto-
mobile. Such mileage shall be reported and paid
in the same manner prescribed for other allowable
expenses under the provisions of this Section.
. . ."

The above quoted provisions of Article 3899 speci-
fically authorize a county to pay a Sheriff or his deputies
four cents (4¢) for each mile traveled in the discharge of
official business when the automobile or automobiles used by
the Sheriff or his deputies are owned by them, when the Sheriff
and his deputies are compensated on an annual salary basis.
However, this provision does not authorize a county to pay
a Constable, who is compensated on an annual salary basis,
four cents (4¢) for each mile traveled in the discharge of
official business or any other specific or definite amount.

Section (b) of Article 3899, Vernon's Annotated
Civil Statutes, provides in part:

"Each officer named in this Act, where he re-
ceives a salary as compensation for his services,
shall be empowered and permitted to purchase or
charge to his county all reasonable expenses neces-
sary in the proper and legal conduct of his office,
premiums on officials' bonds, premiums on fire,
burglary, theft, robbery, insurance protecting pub-
lic funds and including the cost of surety bonds
for his deputies, provided that expenses incurred
for premiums on officials' bonds for the county
treasurer, county auditor, county road commissioners,
county school superintendent, and deputies of any
such officers, may be also included, and such ex-
penses to be passed on, predetermined and allowed

the kind and amount, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application of each officer, stating the kind, probable amount of expenditure and the necessity for such expenses of his office for such ensuing months, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses.
. . ."

In view of Section (b), Article 3899, as quoted above, it is our opinion that the county can legally pay the actual and necessary expenses incurred by a Constable for the use of a automobile used by him in the discharge of official business when the provisions of said statute are complied with.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED MAR 26, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:MP

